The opinion of the Court was delivered by
O’Neall, J.
This case, in the view we have taken of it, depends altogether on the terms of the special indorsement. *435 The indorser stipulates that “ on condition the holder first tries Nix, (the maker,) if the money cannot be had before Christmas, then I hold myself responsible for the money to the holder.” This is a direct and positive engagement, to pay on the happening of certain contingencies ; what were they in the meaning of the parties, according to the words which they have used ? The first is to be ascertained, by fixing what is meant by the wmrds, first tries Nix. These words certainly mean that the indorsee should resort to the usual means of collecting the money from Nix: which in common understanding means nothing more than to sue, obtain judgment, and issue a fi. fa. The second contingency is, “ if the money cannot be had before Christmas.” The term had, may be as well understood to mean paid, as in any other sense: and then his liability would depend upon the fact of payment not being made under the recovery before Christmas. But if it means cannot be collected, the same result seems to me will follow. The indorsee sued to October Court, at Union, where the defendant resided, and recovered a judgment; — he issued h'is execution, which was returned nulla bona. This was trying by the usual means of process to collect the money: and upon its failure to effect the end, the defendant’s liability to pay attached, according to his contract, at Christmas.
But it is said, the plaintiff should also have issued a ea. sa., and forced tlm defendant to have taken the benefit of the insolvent debtor’s or prison bound’s Act. The first, it is clear, could not have been accomplished until Spring Court, after the time at which the indorser’s liability was to attach.
The second might have been done barely within the time: but the debtor might have declined to take the benefit of the Prison Bound’s Act, and claimed the benefit of the Insolvent Debtor's Act, and thus his insolvency could not have been established within the time fixed for the indorser’s liability to arise. I am, therefore, well satisfied no such pre-requisite was contemplated by the parties.
*436 Under such a contract, evidence of insolvency was hardly necessary to be given; for the party to be charged did not stipulate that the maker should be pursued to insolvency. If, however, it was so stipulated, I am not prepared to hold that in all cases to establish it, it is necessary to show the issuing of a ea. sa., and the discharge of the debtor, under the Insolvent Debtors’ or Prison Bound’s Act. It is true, such is the decision of Eddings vs. Glascock, 1 N. & McC. 295. But that case turned on the words of the contract on which the indorser’s liability was to arise, “ provided it cannot be made out of Allen Elliot.” These words were held to require that the plaintiff should have exhausted the process of the Court, before the indorser’s liability would attach. There was, too, in that case, no limitation of time, within which the money might be collected. This makes in. my judgment a material distinction between that and this case. In Sims vs. Hall, decided in May Term, 1828, at this place, the defendant had guaranteed the note of James Moorman, which he had indorsed to the plaintiff; provided suit was brought to the first court, and Moorman should prove to be insolvent. Suit was accordingly brought; Moorman died and the suit abated. Administration, shortly before the trial of the case on the guaranty, was taken out on' Moorman’s estate. Returns of nulla bona on sundry executions against Moorman, and general reputation of insolvency, Were held to be enough to charge the indorser, although no suit had been instituted against the administrator. Of the correctness of that decision I entertain no doubt. In many cases it would be impossible to serve a defendant with a ea. sa.: for. between judgment and execution he may leave the State. Inj others it would be only saddling an unfortunate creditor witbl costs, to establish the fact of insolvency by the record,Jvhich™ is known to every one acquainted with the debtor. Genially, it seems to me, that a return of nulla bona and general reputation of insolvency, would be a sufficient showing to cast the *437 onus of proving solvency on tbe indorser, who has guaranteed the ultimate payment.
The motion to set aside the nonsuit is granted.
JOHNSON and Harper, JJ., concurred.

Motion granted.